Kuhler et al., Appellants, *v.* Harrison Construction Company, Appellant.

Argued September 29, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for plaintiffs.

*Harry E. Richter,* for defendant.

OPINION BY MR. JUSTICE DREW, January 3, 1949:

This suit in trespass was instituted by plaintiff, Lillian Carson, in her own right, and as guardian of her minor son, William Kuhler, against defendant, Harrison Construction Company, to recover damages for personal injuries sustained by the minor when the bicycle on which he was riding with a companion ran into a large tractor-trailer owned by defendant corporation and operated by its driver. The jury rendered a verdict for the minor and also for the parent plaintiff. After argument, the learned court below granted defendant's motion for judgment *non obstante veredicto* as to the parent plaintiff, but refused such motion as to the minor and instead granted a new trial. Both plaintiff and defendant appealed.

The following are the pertinent facts: The accident happened on Spring Garden Avenue approximately at its intersection with Lauger Street in the Northside Section of the City of Pittsburgh. Spring Garden Avenue is a busy thoroughfare running generally east and west. It is sufficiently wide to accommodate east and

west-bound streetcar tracks, with a narrow space on either side of the street between the tracks and curb. On its north side it is joined by Lauger Street, which runs in a northerly and southerly direction. This is a closely built up intersection with small buildings and houses erected very close to the pavement of both streets. Lauger Street has a considerable grade and runs into but does not cross Spring Garden Avenue at the foot of the grade.

At about four-twenty in the afternoon of August 26, 1946, minor plaintiff, then nearly thirteen years of age, and a boy friend, Nevin K. Spangler, were riding a bicycle. Minor plaintiff was in a standing position pedaling the bicycle and holding onto the upright which connects the steering column to the handle bars. His companion was sitting on the seat with his feet dangling and his hands on the handle bars, steering the bicycle. Riding in this manner they came down the steep grade of Lauger Street and at the intersection turned sharply to the left into Spring Garden Avenue against the oncoming traffic. Within three seconds after turning into Spring Garden Avenue the front wheel of the bicycle struck the right side of defendant's tractor-trailer just behind the cab, while it was proceeding westwardly on its right side of the street. The driver stopped the truck almost at the instant of the impact, swerving slightly to his left in an attempt to avoid the collision. When the truck stopped it was standing in the intersection. Minor plaintiff suffered serious injuries, but his companion was not hurt.

The only evidence of the speed of the truck of defendant in the entire record was that of Robert Finley, a young man called by plaintiff, who testified that he saw the truck "one block away" and he estimated its approximate speed at forty miles an hour. This testimony was of no value and, of itself entirely insufficient

to sustain a finding of negligence: *Mulheirn v. Brown,*
322 Pa. 171, 185 A. 304; *Cardarelli v. Simon,* 149 Pa.
Superior Ct. 364, 27 A. 2d 250.

Looked at in the light most favorable to plaintiffs,
it is clear that no negligence on the part of defendant's
driver was shown. Plaintiff's whole case is founded
upon nothing more than the mere fact that an accident
happened and minor plaintiff was injured. The evidence
in no way establishes any reckless, careless or unlawful
driving or failure to yield the right of way or to have
proper brakes, nor does it indicate the violation of any
traffic regulations. There is not one iota of evidence to
justify a finding that defendant's driver was, or ought
to have been, aware of the situation in sufficient time to
avoid the accident. The conclusion is inescapable that
the boys rode down the steep grade of Lauger Street
on the bicycle in such a manner, turned against on-
coming traffic, and at such a speed that they could not
avoid running into defendant's truck which was almost
at the intersection at the very moment the bicycle reached
it. Therefore, it is obvious that judgment notwithstand-
ing the verdict should have been entered in favor of
defendant as to the claim of minor plaintiff, as well as
that of the mother, not because she was guilty of con-
tributory negligence, as stated by the court below, but
for the reason that no negligence on the part of defend-
ant was shown.

The learned court below was convinced that plain-
tiff had not produced any evidence of negligence of de-
fendant, for in its opinion it stated: ". . . the burden
rests on the plaintiff to prove that the defendant was
negligent and that the negligence of the defendant was
the proximate cause of the accident. Did he meet this
burden of proof? The court submitted this matter to the
jury with some reluctance, and the jury found for the
plaintiff. But after a careful review of the testimony,
the court believes that the plaintiff's proof amounted

merely to the establishment of the fact that an accident happened." Even when that court came to that conclusion, it refused to enter judgment n. o. v. as to the minor plaintiff's claim, and instead ordered a new trial, giving as its sole reason for such action that it was "in the interests of justice".

In this state of the record, the court below had no other alternative but to grant defendant's motion for judgment, notwithstanding the verdict, as to the minor plaintiff as well as to his mother. To have ordered a new trial was a clear abuse of discretion. In this connection, this Court said, in *Fornelli v. Penna. R. R. Co.*, 309 Pa. 365, 369, 164 A. 54: "The facts and the law of the case were fixed; they showed no liability on the part of defendant, and on them the court should not have done otherwise than direct a verdict for defendant. In ordering a new trial under these circumstances, the court below was guilty of a clear and palpable error of law. Its action was controlled by a point of law, the decision of which governed the case, to the exclusion of other considerations, and required the direction of a verdict for defendant. Under such circumstances an order granting a new trial will be reversed . . ."

This record decisively shows that there is no just reason for forcing the defendant to a new trial. Another trial on the same evidence would only result in the same conclusion.

The order of the court below refusing to enter judgment n. o. v. (No. 81) and the order granting a new trial as to the claim of plaintiff, Lillian Carson, as guardian of her minor son (Nos. 80 and 86) are reversed, and judgment as to that claim is here entered for defendant; and the judgment entered in defendant's favor, notwithstanding the verdict for plaintiff, Lillian Carson, in her own right (No. 87), is affirmed.