Ernest Reinford, Plaintiff *v.* Conrail et al., Defendants.

Argued March 22, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Mark L. Silow*, with him *Paul N. Sandler*, for plaintiff.

*Walter F. Froh*, Assistant Attorney General, with him *John L. Sweezy*, Chief Attorney of Unit, *Theodore A. Adler*, Chief Counsel of Department, and *Edward G. Biester, Jr.*, Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., September 24, 1979:

Preliminary objections of Defendant, Pennsylvania Department of Transportation (PennDOT) have been filed to Plaintiff, Ernest Reinford's complaint in trespass which seeks property damages in connection with an April 27, 1977 collision between a Conrail train and a tractor-trailer owned by Reinford at Railroad Crossing #503 located at the intersection of train tracks and State Highway Route 09033 in Montgomery County.

PennDOT, by preliminary objection, brings before this Court two issues for our resolution:

1. Has Reinford failed to state a cause of action against PennDOT?

2. Has Reinford failed to allege the underlying facts with sufficient particularity as to how PennDOT's negligence contributed to the instant accident?

The initial contention of PennDOT raised by way of demurrer is that Reinford has failed to state a

cause of action because he failed to state facts supportive of recovery under one of the eight categories of permissible claims for relief against the Commonwealth enumerated in Section 5110(a) of the Judicial Code, 42 Pa. C.S. §5110(a). It is well settled law that a preliminary objection in the nature of a demurrer is not to be sustained and the complaint dismissed unless "the law says with certainty that no recovery is possible." *Hoffman v. Misericordia Hospital*, 439 Pa. 501, 503, 267 A.2d 867, 868 (1970); *Ammlung v. Platt*, 224 Pa. Superior Ct. 47, 59, 302 A.2d 491, 498 (1973). " 'In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deductible therefrom, must be taken to be admitted. . . . But if there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it.' " (citations omitted) *Department of Transportation v. Bethlehem Steel Corp.*, 33 Pa. Commonwealth Ct. 1, 11, 380 A.2d 1308, 1313 (1977). Although this complaint borders on failing to state a cause of action, in light of a thorough review of the pleadings in this case and upon careful examination of the aforementioned standards by which preliminary objections to the pleadings are to be judged, we believe that the omission of underlying facts is substantial, but not so substantial as to warrant the foreclosing of litigation at the present time. Under the facts alleged, we are not prepared to say that no recovery is possible. As such, we cannot grant PennDOT's demurrer.

Secondly, PennDOT contends that the complaint violates Pa. R.C.P. No. 1019[1] in that it fails to plead

---

[1] Pa. R.C.P. No. 1019(a) provides:

(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

with requisite specificity the underlying facts to support the conclusion that the railroad crossing was both "defective" and "dangerous". In light of our initial determination that Reinford has at least arguably plead himself within one of the eight categories of permissible claims for relief against the Commonwealth as enumerated in 42 Pa. C.S. §5110(a), we will leave unresolved the issue of whether his complaint has satisfied the rules' requirements of specificity. Instead, we believe that resolution of this second issue is for the Court of Common Pleas of Montgomery County which has jurisdiction over actions pursuant to 42 Pa. C.S. §5110. *See* 42 Pa. C.S. §931(a).

Accordingly, we

### ORDER

AND Now, this 24th day of September, 1979, upon consideration of Defendant Pennsylvania Department of Transportation's preliminary objections, we hereby order as follows:

1. The preliminary objection of PennDOT in the nature of a demurrer is dismissed.

2. The record is transferred to the Court of Common Pleas of Montgomery County for disposition of the preliminary objection of PennDOT requesting greater specificity pursuant to Pa. R.C.P. No. 1019.

Judge DiSALLE concurs in the result only.

---

We have held that the requirements of this rule are satisfied if the allegations in a pleading (1) contain averments of all facts the plaintiff will eventually have to prove in order to recover and (2) they are sufficiently specific so as to enable the parties served to prepare a defense thereto. *Department of Transportation v. Shipley Humble Oil Co.*, 29 Pa. Commonwealth Ct. 171, 370 A.2d 438 (1977).