647 A.2d 630

Agnes GLOVER, Individually and as Administratrix
of the Estate of Richard Franklin Glover, and
as parent and natural guardian

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT
OF TRANSPORTATION, Stephen Tortorello and
Barbara Tortorello, his wife

v.

Agnes GLOVER

Paul McNAMARA, Administrator of the Estate of Paul McNa-
mara, Jr., and Paul McNamara and Shirley McNamara, Individ-
ually and as parents and natural guardians of Paul McNamara,
Jr.

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT
OF TRANSPORTATION, Stephen Tortorello and
Barbara Tortorello, his wife

v.

Paul McNAMARA and Shirley McNamara, and Agnes
Glover, Individually and as Administratrix of the
Estate of Richard Franklin Glover

Commonwealth of Pennsylvania, Department
of Transportation, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 15, 1994.

Decided Aug. 23, 1994.

Reargument Denied Oct. 4, 1994.

Petitions for Allowance of Appeal Denied March 10, 1995.

James R. Moyles, Sr. Deputy Atty. Gen., for appellant.

Laurence M. Kelly, for appellee Glover.

Michael J. Giangrieco, for appellees McNamara.

Before CRAIG, President Judge, and NEWMAN, J., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals from the June 14, 1993 order by the Court of Common Pleas of Susquehanna County denying its Motion for Post–Trial Relief. We reverse.

Agnes Glover and Paul and Shirley McNamara (collectively, Plaintiffs) brought wrongful death and survival actions against DOT, Stephen and Barbara Tortorello, and Ethna Frances Dobson,[1] following the deaths of Richard Franklin Glover (decedent Glover) and Paul McNamara, Jr. (decedent McNamara), both age twelve, who were killed when the motorcycle operated by decedent Glover and on which decedent McNamara was a passenger, crossed over into the wrong lane of traffic and collided with a vehicle operated by Francis J. Belmont.[2]

Decedents were traveling north on East Lake Road, a state highway [3] in rural New Milford Township, Susquehanna County, when they attempted to pass an ATV operated by fourteen year old Jason McConnell, riding with twelve year old Patrick Mason. As Decedents approached a left-hand curve in the highway, they traveled into the left-hand south-bound lane and into the path of a Ford Escort operated by Francis J. Bel-

1. Defendants Tortorellos and Dobson were the owners of the land situated at the collision site and were thus named as original defendants in both actions. However, it was determined prior to trial that the Tortorellos owned the land on which the pine trees in question were located. By order dated November 29, 1989, Defendant Dobson's Motion for Summary Judgment was granted by President Judge Kenneth Seamans.

2. DOT plead as New Matter that co-defendants Stephen and Barbara Tortorello and Ethna Frances Dobson, were solely liable to the plaintiffs or, alternatively, jointly and severally liable. DOT subsequently filed an Amended New Matter averring contributory negligence against Plaintiffs Agnes Glover and Paul and Shirley McNamara. Original defendants Stephen and Barbara Tortorello and Ethna Frances Dobson joined as additional defendants Plaintiffs Agnes Glover and Paul and Shirley McNamara, and Francis J. and Marion L. Belmont. On October 18, 1989, Judgment of Non Pros was entered for additional defendants Francis J. and Marion L. Belmont.

3. East Lake Road is identified as Legislative Route (L.R.) 57062 and the parties stipulated that it is a state highway for which DOT is responsible.

mont, who was driving south on the highway. The point of impact was approximately 112 feet north of a group of evergreen trees on the western side of the highway that Plaintiffs contend obscured the sight of both operators.[4]

Plaintiffs alleged in their amended complaints that "[a]s a direct and proximate result of the careless, reckless and negligent actions and failure to act" by DOT, Plaintiffs' decedents suffered fatal injuries. Plaintiffs alleged that DOT was negligent by failing to supervise, repair and maintain the highway on which the accident occurred.

Plaintiffs also alleged that defendants Stephen and Barbara Tortorello and Ethna Frances Dobson were negligent in that they, as owners of certain land situated south of the accident scene where the evergreen trees were located, "allowed said evergreen trees to be situated in such a position so as to create an obstruction of view of motorists traveling on LR 57062 including Francis Belmont and the decedent[s]...." *Id.*, paragraph 17(B).

Following a three day jury trial, a verdict was rendered against DOT and additional defendants. DOT filed a motion for post-trial relief requesting that the trial court enter judgment notwithstanding the verdict in its favor or in the alternative, grant a new trial. On June 14, 1993, the trial court denied the motion and this appeal followed.

■ Our scope of review of a decision of a trial court denying motions for judgment n.o.v. or for a new trial is to determine whether the trial court abused its discretion or committed an error of law. *Paxton Hollow Estates, Ltd. v. Lower Paxton Township*, 93 Pa.Commonwealth Ct. 468, 501 A.2d 1175 (1985). In doing so, we must read the record in the light most favorable to the verdict winner and grant them the benefit of every favorable inference.

■ DOT raises among the several issues on appeal:

4. At trial, plaintiffs' counsel read into the record answers to interrogatories propounded to DOT in which DOT admitted that the evergreen trees, although located on the Tortorellos' property, was within the fifty foot right of way of DOT. N.T., p. 105.

whether the reckless conduct of Decedents Glover and McNamara was a superseding intervening cause of the accident thereby precluding a finding of liability as to DOT?

At the trial, it was unequivocally established that the decedents were riding on the wrong side of the highway. Francis Belmont, the operator of the vehicle which collided with decedents, testified that when he first saw the motorcycle and the three-wheel vehicle, the latter was in the north bound lane facing him, but the motorcycle was in his south bound lane coming towards him.

The first eyewitness to the accident, Jason McConnell, who was the operator of the three-wheel vehicle, testified that he and decedent Glover had gotten together on previous occasions to ride their motorbikes and at times they would drive them on public roads. On the day of the accident, Jason testified that he and decedent Glover were passing each other back and forth as they drove on East Lake Road, at times going into the wrong lane of travel to do so. Jason also testified that as they approached the curve, "Richie ... went to drive around on the wrong side of the road...." while he remained in the right-hand lane. *Id.* at 311. Jason testified that at this point, he was about fifty feet behind the motorcycle and that he could see the car, later identified as the vehicle operated by Francis Belmont, approaching and then saw the collision.

Patrick Mason, another eyewitness and a passenger on the three-wheel vehicle, similarly testified that as decedent Glover was entering the curve on the wrong side of the road, he [decedent Glover] "turned back to see if he could get back in front of us and then there was the impact." *Id.* at 260. Neither eyewitness mentioned the trees in their testimony.

Plaintiffs' experts testified at trial concerning the lack of proper sight distance at this particular section of the highway and as to the concept of sight distance in general. All were of the opinion that the lack of sight distance played a major role in the accident "for the mere fact that they [decedents and Francis Belmont] could not have seen each other in time to

react to each other...." *Id.* at 227. (Testimony of W. Stewart Bennett, Plaintiffs' expert.) However, two of the witnesses acknowledged that sight distance assumes that the operator is operating his or her vehicle on the right-hand side of the road and operating in a proper and prudent manner. *Id.* at 148, 243–4. According to Mr. Bennett, because decedent Glover was on the wrong side of the highway, he not only *decreased* his own line of sight distance, but also that of Francis Belmont, the operator of the other vehicle. John Comiskey, one of Plaintiffs' experts, testified as follows:

[By Mr. Moyles, attorney for DOT]

Q. Are you saying there that the accident still may have occurred ... [e]ven if the trees were not there?

A. That was the intent, yes.

Q. Was that because of the actions of the motorcycle operator in traversing the curve in the wrong lane three feet from the west edge of the berm?

A. Yes.

*Id.* at 154.

All persons operating motor vehicles upon the highways of this Commonwealth have a duty to use the roads in an ordinary and usual manner and with reasonable care. Moreover, Section 3306 of the Vehicle Code, 75 P.S. § 3306, mandates that:

No vehicle shall be driven on the left side of the roadway under any of the following conditions:

(1) When approaching or upon the crest of a grade or a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction.

The accident and the resulting unfortunate deaths of the two twelve year old boys occurred and was caused solely as a result of the actions of the decedents in traversing the curve

on the wrong side of the highway. Therefore, we conclude that the record does not support the jury's verdict.[5]

Accordingly, the order of the trial court is reversed and the matter is remanded for entry of judgment notwithstanding the verdict in favor of defendant/appellant DOT.

## ORDER

AND NOW, this 23rd day of August, 1994, the order of the Court of Common Pleas of Susquehanna County dated June 14, 1993, Nos. 88–278 and 88–282, is reversed and the matter is remanded for entry of judgment notwithstanding the verdict in favor of Defendant/Appellant, Commonwealth of Pennsylvania, Department of Transportation.

Jurisdiction relinquished.

---

5. A defendant's motion for judgment notwithstanding the verdict will be granted where the evidence is insufficient to support a verdict for plaintiff, *Platt v. John Hancock Mut. Life Ins. Co.*, 361 Pa. 652, 66 A.2d 266 (1949); or where there is no actionable negligence on the part of the defendant, *Kuhler v. Harrison Construction Co.*, 361 Pa. 100, 62 A.2d 853 (1949).