## Burgette v. Selective Insurance Co.

C.P. of Lackawanna County, no. 96-CV-824.

*Christina T. Novajosky,* for plaintiff.
*James Wilson,* for defendant.

CORBETT, *J.,* July 17, 1998—

## BACKGROUND

Before the court is a motion for judgment on the pleadings filed by the defendant, Selective Insurance Company. The facts giving rise to this action are as follows: On or about February 14, 1992, Edna Burgette was insured by defendant/insurer when she was involved in an automobile accident and was seriously injured. As a result of this injury, plaintiff is entitled to first party medical benefits.

By letters dated July 28, 1993, defendant/insurer advised Dr. Kevin Madden, Dr. Donald Manning of JHU Anesthesia Pain Management, Moses Taylor Hospital, Scranton Rehabilitative Services Inc., MRI Imaging Center, Northeastern PA Imaging, Dr. Romas Dovydaitis, Daily Resources Ltd., and Steindel, Malloy, Cronkey & Chiavacci Ltd., plaintiff's health care providers, that it would not pay for any medical treatment dated four months or more after her automobile accident. Defendant/insurer based this decision on a peer review performed by MediMax Inc.

Plaintiff has filed a second amended complaint asserting that defendant/insurer has not paid her first party medical benefits as provided for in the automobile insurance policy. In her complaint she sets forth counts sounding in breach of contract, bad faith, and wrongfully utilizing a PRO to deny first party medical benefits. On March 31, 1998, defendant filed the instant motion for judgment on the pleadings. Both parties have briefed their respective positions and this court heard argument

on Monday, July 13, 1998. This matter is now ripe for disposition.

## DISCUSSION

A motion for judgment on the pleadings may be filed "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. §1034(a). "The court shall enter such judgment or order as shall be proper on the pleadings." Pa.R.C.P. §1034(b). "A motion for judgment on the pleadings is in the nature of a demurrer in which all of the nonmovant's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the nonmovant may be considered against him." *Felli v. PennDOT,* 666 A.2d 775, 776 n.2 (Pa. Commw. 1995). (citations omitted) Defendant filed the instant motion arguing the plaintiff does not have standing to bring the instant suit. The Pennsylvania Supreme Court summarized the concept of standing as follows:

"[A] person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge. In particular, it is not sufficient for the person claiming to be 'aggrieved' to assert the common interest of all citizens in procuring obedience to the law. . . .

"The requirements of the formulation of the standing test are that an interest be 'substantial,' 'direct,' 'immediate' and 'not a remote consequence of the judgment.' An evaluation of the presence of these elements will determine whether the interest asserted renders a litigant 'aggrieved.' . . .

"[T]o satisfy the 'substantial,' interest requirement, 'the (plaintiff's) interest must have substance—there

must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law.' . . .

"The additional requirement, that the interest be 'direct,' 'simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains.' . . . Finally, the remaining requirements, that the interest be 'immediate' and 'not a remote consequence,' reflect a single concern:

"Here [the] concern is with the nature of the causal connection between the action complained of and the injury to the person challenging it. . . . However, it is clear that the possibility that an interest will suffice to confer standing grows less as the causal connection grows more remote. . . ." *Kuropatwa v. State Farm Mutual Automobile Insurance Co.*, 29 D.&C.4th 494, 497-98 (1995) (quoting *Wm. Penn Parking Garage Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975)).

Plaintiff alleges in her complaint that the defendant/insurer wrongfully stopped payment of her medical bills that arose as a result of her automobile accident on February 14, 1992. Plaintiff argues that defendant/insurer wrongfully relied upon a PRO recommendation that determined the causal relationship of plaintiff's medical bills, rather than whether they were reasonable and necessary and stopped payment based upon this determination.

In *Pierce v. State Farm Insurance Company*, 27 D.&C.4th 464 (1994) the Honorable Judge Cottone of this honorable court held that "[s]ection 1797(b) of the MVFRL allows an insurer to retain a PRO to ascertain only that treatment conforms to professional standards of performance and is medically necessary." *Id.* at 469. "The insurer may not use the PRO to de-

termine whether or not the medical treatment was causally related to a particular accident." *Id.* (citations omitted)

Accepting the facts as alleged in plaintiff's second amended complaint, Selective Insurance Company attempted to use the PRO process to make a causation determination without express statutory authority allowing it to do so. Selective Insurance Company subsequently used that same causation determination to deny first party medical benefits to the plaintiff.

The cases cited by the defendant/insurer, *Kuropatwa v. State Farm Mutual Automobile Insurance Co.,* 29 D.&C.4th 494, *affirmed,* 454 Pa. Super. 714, 685 A.2d 1050 (1996) and *Pennsylvania Chiropractic Federation v. Foster,* 136 Pa. Commw. 465, 583 A.2d 844 (1990) are factually distinguishable from the case at bar. Neither of those cases dealt with allegations of improper utilization of the PRO to determine causation of the insured's injuries. Therefore, defendant/insurer's argument regarding standing is without merit.

Motion for judgment on the pleadings is in the nature of a demurrer. "[I]f there is any doubt as to whether [a] demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it." *Reinford v. Conrail,* 46 Pa. Commw. 167, 169, 405 A.2d 1151, 1152 (1979). This case is similar to the case of *Pierce, supra,* where the court allowed plaintiff's case to continue. Therefore, based on *Pierce,* defendant/insurer's motion for judgment on the pleadings is denied.

## ORDER

Now July 17, 1998 it is hereby ordered and decreed that the defendant's motion for judgment on the pleadings is denied.