645 A.2d 318

**David SAYLOR and Debbie Saylor, Appellants,**

**v.**

**Leonard GREEN and Dreher Township and Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided June 21, 1994.

250

Patrick G. Geckle, for appellant.

Robert J. Borthwick, Jr., Deputy Atty. Gen., for appellee.

Before KELLEY and NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

David and Debbie Saylor appeal from an order of the Court of Common Pleas of Wayne County (trial court) dated August 18, 1993, which granted summary judgment against them and in favor of Leonard Green (Green), Dreher Township, and Pennsylvania Department of Transportation (PennDOT). We affirm the order of the trial court.

## FACTS

On August 29, 1991, David Saylor (Saylor) was operating a motorcycle in the southbound lane of Route 507 in Dreher Township, Wayne County. Saylor's motorcycle left the roadway for no apparent reason and struck a fence post approximately three feet from the side of the road. Because of the impact, Saylor was thrown to the ground and suffered scrapes and abrasions on various parts of his body and also a laceration of the right knee. Saylor was taken to the emergency room at Community Medical Center in Scranton where he was treated and released.

The fence post was placed in the ground by Green, who maintains that he holds title to the land in which he placed the post. PennDOT claims that the post encroaches four inches into the state's right-of-way.

On May 15, 1992, Saylor filed a complaint in Monroe County Court of Common Pleas against Green, PennDOT and Dreher Township seeking damages for personal injury and property loss that he sustained because of the accident. Saylor's wife, Debbie, sought damages for loss of consortium.

By order dated September 14, 1992, this action was transferred to Wayne County. At a status conference on March 29, 1993, the trial court directed that the case be transferred to arbitration. At a second status hearing on July 2, 1993, the trial court scheduled this matter for an arbitration hearing on August 27, 1993. Before that hearing, Green and PennDOT

filed a joint motion for summary judgment that was granted on August 18, 1993. Saylor appealed the order to Superior Court, which transferred the appeal to this court pursuant to Pa.R.A.P. 751 on October 25, 1993.

## ISSUE

The sole issue raised on appeal is whether the trial court erred when it determined that the appellees were entitled to judgment as a matter of law because Saylor failed to produce sufficient evidence to justify an inference of negligence and causation arising out of a single vehicle accident where he could not identify the reason his vehicle left the roadway and struck a pole.

## DISCUSSION

■ Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993).

■ Pa.R.C.P. 1035 provides:

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

An entry of summary judgment may only be granted in cases where the right is clear and free from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). In considering a

motion for summary judgment, the record must be examined in the light most favorable to the non-moving party because the burden of proving the nonexistence of a material fact is on the moving party. *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). Nevertheless, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial." *Babcock v. Department of Transportation,* 156 Pa.Commonwealth Ct. 69, 75, 626 A.2d 672, 675 (1993).

In *Caldwell v. Department of Transportation,* 120 Pa.Commonwealth Ct. 358, 548 A.2d 1284, this court noted that the elements necessary to state a cause of action in negligence are: (1) a duty on the part of the defendant to conform to a certain standard of conduct relative to the plaintiff; (2) defendant's failure to so conform; and (3) a reasonably close causal connection between the defendant's conduct and some resulting injury to the plaintiff. Further, the *Caldwell* court held that where insufficient evidence exists to justify an inference of negligence and causation, the trial court may properly grant summary judgment in favor of the party against whom liability is sought.

■ In his complaint, Saylor alleges that he was operating his motorcycle when he "suddenly and without warning struck an illegally placed fence post...." At his deposition, Saylor testified that he did not know why he lost control of the motorcycle. Consequently, the trial court found that there was insufficient evidence to justify an inference of causation. Such a finding is consistent with *Babcock,* where a plaintiff lost control of her car for unknown reasons and the car skidded along a ditch and up an embankment where it collided with a log. This court affirmed summary judgment against plaintiff and reasoned that the accident was caused by the car leaving the roadway, not by a log lying on the ground. It follows that in the instant case, if Saylor had not left the road, his motorcycle would not have hit the pole.

In *Scheel v. Tremblay,* 226 Pa.Superior Ct. 45, 312 A.2d 45 (1973), the court held that liability may be imposed where there is a foreseeable risk of harm to users of the highway. At his deposition, Saylor admitted that the accident occurred on a clear day and that there was only a slight bend in the road. Based on the record, the trial court could have properly concluded that the appellees could not have foreseen that Saylor would inexplicably lose control of his vehicle and strike the pole.

■ Upon review of the record, the trial court also determined that no genuine issue of material fact existed. In their brief, the Saylors argue that they should be afforded the opportunity to investigate the configuration of the roadway and the existence of prior accidents at the site in question. The information that the Saylors seek is readily available and certainly could have been obtained in the fourteen months which passed between the filing of the complaint and the entry of summary judgment. Although an arbitration hearing on this matter had been scheduled for August 27, 1993, the Saylors failed to seek this information in a timely manner. Furthermore, in *Whitman v. Riddell,* 324 Pa.Superior Ct. 177, 471 A.2d 521 (1984), the court found that it was reversible error to introduce evidence of motor vehicle accidents, where the conditions and circumstances were different from the accident in question. Since Saylor admitted at deposition that he does not know the circumstances regarding his accident, information regarding prior accidents would be inadmissible.

For the foregoing reasons, we affirm the order of the trial court granting summary judgment against the Saylors and in favor of Green, PennDOT and Dreher Township.

### ORDER

AND NOW, June 21, 1994, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is affirmed.