**Evelyn BURKHOLZ, administratrix of the Estate of Harvey Burkholz, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1995.

Decided Nov. 21, 1995.

---

Richard M. Beck, for appellant.

Jessie L. Smith, Chief Deputy Attorney General, for appellee.

Before DOYLE and NEWMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Senior Judge.

Evelyn Burkholz (Burkholz), the administratrix of the estate of Harvey Burkholz (decedent), appeals from an order of the Court of Common Pleas of Dauphin County denying her motion for post-trial relief.

On January 22, 1989 at approximately 1:45 a.m., the decedent was driving a 1986 Dodge van northbound on State Route 15 in Adams County, when his van left the northbound lane, travelled over the southbound lane and across the berm, and struck the trailing blunt end of a guardrail which impaled the van and the decedent. The van then continued to travel through forty-nine feet of the guardrail before it came to a rest. The decedent was killed as a result of the injuries sustained at the accident. Burkholz, who was the passenger in the van, was not injured.

Burkholz commenced the instant wrongful death and survival actions against the Department of Transportation (DOT), alleging that the exposed trailing end of the guardrail constituted a dangerous condition of the highway, and that her husband's death was proximately caused by DOT's negligent design and maintenance of the guardrail. DOT in its new matter alleged, *inter alia*, the decedent's contributory negligence.

At the trial, the jury found that a dangerous condition of the highway existed on State Route 15 and that DOT's negligence was a substantial factor in causing harm to the decedent. The jury also found that the decedent was contributorily negligent and that his negligence was a substantial factor in bringing about his harm. The jury then attributed 15% of the causal negligence to DOT and 85% to the decedent. Burkholz filed a motion for post-trial relief, seeking judgment notwithstanding the verdict or alternatively a new trial. After the trial court denied her motion, Burkholz appealed to this Court.

Burkholz first contends that she is entitled to judgment notwithstanding the verdict because the trial court committed a reversible error by charging the jury on contributory negligence. This Court's scope of review of an order denying judgment notwithstanding the verdict is limited to determining whether there was sufficient, competent evidence to sustain the verdict. *Balent v. City of Wilkes–Barre,* 167 Pa.Cmwlth. 556, 648 A.2d 1273 (1994), *appeal granted,* 539 Pa. 696, 653 A.2d 1233 (1994). In conducting such review, we must view the record in a light most favorable to the verdict winner, giving that party the benefit of every inference which may reasonably be drawn from the evidence. *Ludmer v. Nernberg,* 433 Pa.Superior Ct. 316, 640 A.2d 939 (1994). Judgment notwithstanding the verdict is an

extreme remedy and may be granted only where the facts are so clear that no two reasonable minds could fail to agree that the verdict was improper. *Lilley v. Johns–Manville Corp.*, 408 Pa.Superior Ct. 83, 596 A.2d 203 (1991), *appeal denied,* 530 Pa. 644, 607 A.2d 254 (1992).

■ Under the exceptions to the sovereign immunity set forth in 42 Pa.C.S. § 8522(b)(4), the Commonwealth may be liable for injuries caused by "[a] dangerous condition of Commonwealth agency real estate ... and highways" under its jurisdiction. The Commonwealth owes to those using its highway a duty to keep the highway "safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Snyder v. Harmon,* 522 Pa. 424, 435, 562 A.2d 307, 312 (1989). All motorists have a corresponding duty to use the highway "in an ordinary and usual manner and with reasonable care." *Glover v. Department of Transportation,* 167 Pa.Cmwlth. 87, 647 A.2d 630, 632 (1994), *appeal denied,* 540 Pa. 606, 655 A.2d 994 (1995).

At the trial, DOT presented the testimony of Shawn McDonald, the Pennsylvania State Trooper, who investigated the accident and prepared the accident report. Trooper McDonald's investigation revealed that the guardrail entered the front of the decedent's van and came out of the rear door. He did not find any skid marks or other physical evidence suggesting possible involvement of other vehicles in the accident or that the decedent took any evasive or braking actions before or after the van struck the guardrail. State Route 15 in the area of the accident site is straight and level with good visibility. Trooper McDonald concluded that the decedent drove the van head-on into the guardrail. N.T., pp. 444–46, 449–54. In addition, the following facts admitted by Burkholz during the discovery were read into the record at the trial: the weather was clear at the time of the accident; the decedent was familiar with State Route 15, having made numerous business trips using the same route; and the van's tires, steering mechanism and brakes were all in good conditions. *Id.* at 474–76.

It is well established that where there is any evidence of contributory negligence, the trial court must submit that issue to the jury, no matter how strong the evidence to the contrary may be. *Levine v. Rosen,* 394 Pa.Superior Ct. 178, 575 A.2d 579 (1990), *aff'd,* 532 Pa. 512, 616 A.2d 623 (1992). In this matter, the physical findings made by Trooper McDonald and the facts admitted by Burkholz were sufficient evidence from which the jury could infer that the decedent was contributorily negligent in leaving the highway and striking the guardrail. Hence, the trial court properly submitted the issue of contributory negligence to the jury.

Burkholz further contends that even if the decedent's negligence can be inferred from the evidence, the jury instruction on contributory negligence was still improper because the decedent's injuries were not foreseeable consequences of his negligence.

■ For a plaintiff's negligent conduct to affect his or her recovery, the conduct must be a proximate cause of his injury. *Pascal v. Carter,* 436 Pa.Superior Ct. 40, 647 A.2d 231 (1994). The actor's negligent conduct is a proximate cause of harm if the conduct is a substantial factor in bringing about the harm. *Talarico v. Bonham,* 168 Pa.Cmwlth. 467, 650 A.2d 1192 (1994). The determination of whether the alleged conduct was a substantial factor in causing the harm should not be taken from the jury if the jury may reasonably differ as to that determination. *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977).

In *Saylor v. Green,* 165 Pa.Cmwlth. 249, 645 A.2d 318 (1994), the plaintiff was injured when his motorcycle left the roadway for no apparent reason and struck a fence post on the side of the road. This Court affirmed the grant of the motion for summary judgment in favor of DOT and against the plaintiff, stating that "if [the plaintiff] had not left the road, his motorcycle would not have hit the pole." *Id.* 645 A.2d at 320. *See also Babcock v. Department of Transportation,* 156 Pa.Cmwlth. 69, 626 A.2d 672 (1993), *appeal denied,* 536 Pa. 647, 639 A.2d 33 (1994) (where the facts established that the accident resulting in the plaintiff's injury occurred because the plaintiff lost control of his car for

unknown reasons, the grant of the motion for summary judgment in favor of DOT was proper).

The facts in this matter are similar to those in *Saylor* and *Babcock*. It is undisputed that the decedent left the highway without any apparent reasons and struck the object outside the travelled portion of the highway. Therefore, Burkholz' contention that the decedent's injuries cannot be considered foreseeable consequences of his negligence is without merit. Because there was sufficient evidence from which the jury could find that the decedent's negligence was a substantial factor in bringing about his injuries, the trial court properly charged the jury on contributory negligence.

■ Next, Burkholz contends that she should be granted judgment notwithstanding the verdict because the trial court, in charging the jury on contributory negligence, erroneously used the term "harm," instead of "injury."[1] Burkholz argues that the issue was whether the decedent's negligence caused the "injury," and that she was prejudiced by the use of term "harm" because the jury may have equated "harm" with "accident."

However, the trial court's use of the term "harm" conformed to the established definition of the legal or proximate cause. "The actor's negligent conduct is a legal cause of *harm* to another if (a) his conduct is a substantial factor in bringing about the *harm*, and (b) there is no rule relieving the actor from liability because of the manner in which his negligence has resulted in the *harm*."

Restatement (Second) of Torts § 431 (1965) (emphasis added); *Taylor v. Jackson*, 164 Pa.Cmwlth. 482, 643 A.2d 771 (1994).[2] Our review of the jury instruction demonstrates that the trial court sufficiently clarified the issues for the jury. Hence, the trial court's refusal to use the exact language requested by Burkholz does not constitute a reversible error. *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 398 Pa.Superior Ct. 264, 580 A.2d 1341 (1990), *appeal denied*, 527 Pa. 673, 594 A.2d 659 (1991).

■ Finally, Burkholz alternatively contends that she is entitled to a new trial because the trial court improperly permitted Trooper McDonald to render an opinion that the result of his investigation was consistent with his previous investigation of other accidents involving a driver falling asleep.

■ Questions concerning the admission or the exclusion of evidence are within the sound discretion of the trial court, and its evidentiary rulings will not be reversed on appeal absent a clear abuse of discretion. *Engle v. West Penn Power Co.*, 409 Pa.Super. Ct. 462, 598 A.2d 290 (1991), *appeal denied*, 529 Pa. 669, 605 A.2d 334 (1992).

DOT presented the testimony of Trooper McDonald as a fact witness and submitted his diagram of the accident site. On direct examination, his testimony was confined to his physical findings. On cross-examination, however, Trooper McDonald was asked a series of questions about his previous investigations of accidents involving vehicles forced

---

1. Nos. 3 and 5 of the special interrogatories submitted to the jury stated: "If the defendant was negligent, was that negligence a substantial factor in causing the *harm* sustained by Harvey Burkholz?" and "Was the contributory negligence of Plaintiff decedent Harvey Burkholz a substantial factor in bringing about his *harm* ?" (Emphasis added.) Despite its denial of Burkholz' request to use term "injury," the trial court in fact used that term a few times in charging the jury on causation. For example, the trial court stated that "[t]he Court has already instructed you about what you may consider in determining whether the Defendant was negligent, whether Mr. Burkholz was negligent, and whether such negligence if any was a substantial factor in bringing about the *injuries*, the harm to Mr. Burkholz." (Emphasis added.) N.T., p. 558.

2. The term "harm" is defined as "the existence of loss or detriment in fact of any kind to a person resulting from any cause"; the term "injury" denotes "the invasion of any legally protected interest of another." Restatement (Second) of Torts, § 7 (1965); *Giffear v. Johns–Manville Corp.*, 429 Pa.Superior Ct. 327, 336 n. 7, 632 A.2d 880, 885 n. 7 (1993), *appeal granted*, 539 Pa. 651, 651 A.2d 539 (1994). Comment a to Section 7 makes the distinction between "harm" and "injury" as follows: " '[H]arm' implies the existence of loss of detriment in fact which may not necessarily be the invasion of a legally protected interest."

**518**

out of their lane or off the road by deer or other vehicles. On redirect examination, DOT counsel elicited Trooper's testimony that his investigation of the accident in this matter did not indicate that any deer or other vehicles were involved. Trooper McDonald was then asked, over the objection of Burkholz' counsel, if the result of his investigation of this accident was consistent with his previous investigations involving drivers falling asleep.

Generally, "one who induces a trial court to let down the bars to a field of inquiry that is not competent or relevant to the issues cannot complain if his adversary is also allowed to avail himself of the opening." *Commonwealth v. Hoyman*, 385 Pa.Superior Ct. 439, 448, 561 A.2d 756, 761 (1989) (quoting McCormick on Evidence § 57 (3d ed. 1984)). Since Burkholz' counsel opened the door on cross-examination for the inquiry as to possible causes of the accident, the trial court did not abuse its discretion in allowing DOT's counsel to ask Trooper McDonald a similar line of questions.

 A new trial may be properly granted only where the jury verdict is so contrary to the evidence as to shock one's sense of justice, and the award of a new trial is imperative to give a party another opportunity to prevail. *Henry v. McCrudden*, 133 Pa.Cmwlth. 231, 575 A.2d 666 (1990), *appeal denied*, 526 Pa. 651, 585 A.2d 470 (1990). Further, the trial court's denial of a new trial may be reversed only where there is a clear abuse of discretion or an error of law which controlled the outcome of the case. *Whyte v. Robinson*, 421 Pa.Superior Ct. 33, 617 A.2d 380 (1992).

In this matter, even without Trooper McDonald's testimony, the jury had ample evidence from which they could reasonably draw an inference that the decedent fell asleep and as a result lost control of his car: the evidence of no evasive or braking actions by the decedent before or after the impact, no mechanical problem with the car, the decedent's familiarly with the route he took, the clear weather condition, and the good visibility in the area. In addition, Burkholz' own witness testified as to Burkholz' statement made at the hospital that the decedent probably fell asleep behind the wheel. N.T., pp. 378–80. Therefore, even without Trooper McDonald's testimony in question, the jury could have reached the same conclusion that the accident was caused by the decedent falling asleep. Hence, the trial court did not abuse its discretion in denying the motion for a new trial.

Accordingly, the order of the trial court denying Burkholz' motion for post-trial relief is affirmed.

### *ORDER*

AND NOW, this 21st day of November, 1995, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is hereby affirmed.