Richard L. **BAER** and Mary J. Baer, Executors of the Estate of Jennet Hersh a/k/a Jennet L. Frazee, Deceased, Appellants,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Suzette **JACKSON** and Larry Jackson, Individually; Suzette M. Jackson, Administratrix of the Estate of Marissa Jackson, Deceased; Suzette M. Jackson, as Trustee Ad Litem on Behalf of the Heirs of Jennet Hersh, Deceased, Appellants,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION**

v.

Albert H. **HERSH.**

Commonwealth Court of Pennsylvania.

Argued April 15, 1998.

Decided June 17, 1998.

---

Michael H. Rosenzweig, Pittsburgh, for appellants.

Brian H. Baxter, Senior Deputy Atty. Gen., Pittsburgh, for appellee, Dept. of Transp.

John G. Shorall, Pittsburgh, for amicus curiae, City of Pittsburgh.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and LEADBETTER, JJ.

FRIEDMAN, Judge.

Suzette Jackson and Larry Jackson, individually, and Suzette Jackson as administratrix of the estate of Marissa Jackson, her daughter, and as trustee ad litem on behalf of the heirs of Jennet Hersh, her mother, (collectively, Appellants) appeal from an order of the Court of Common Pleas of Somerset County (trial court) which granted the summary judgment motion filed by the Commonwealth of Pennsylvania, Department of Transportation (DOT).

The factual and procedural history in this consolidated appeal is as follows. On March 12, 1993, Suzette Jackson and decedents, Marissa Jackson and Jennet Hersh, were occupants in a vehicle driven by additional defendant, Albert Hersh (Hersh). Hersh was proceeding west on State Route 1008 in Somerset County when the brakes of his vehicle failed and the car lost all power while going down a hill. Hersh was unable to negotiate a right hand curve at the bottom of

the hill, and the vehicle crossed over the eastbound lane and broke through a wooden guardrail on the south side of the road. The car then struck a tree, seriously injuring Suzette Jackson and fatally injuring her daughter and mother. Hersh subsequently pled guilty to the criminal charge of Homicide by Vehicle while driving under the influence.

Appellants filed a praecipe for a writ of summons on March 7, 1995. A second amended complaint (Complaint)[1] was filed December 29, 1995, alleging that DOT negligently designed, constructed and maintained a defective roadway and guardrail system, which constituted a dangerous condition of Commonwealth agency real estate that directly and proximately caused and/or were substantial contributing factors to the claimed damages and injuries. On June 15, 1995, DOT filed a complaint to join Hersh as an additional defendant. On February 6, 1996, DOT also filed an Answer to Appellants' Complaint, along with New Matter raising the affirmative defense of sovereign immunity. During discovery, numerous depositions were taken and interrogatories were answered by DOT. On September 30, 1996, DOT filed a motion for summary judgment.[2] The trial court granted DOT's motion for summary judgment on March 4, 1997, and this appeal followed.

Appellants ask us to determine, generally, whether the trial court's grant of the motion for summary judgment was proper. This court's review of a trial court's grant of summary judgment is limited to a determination of whether the trial court erred as a matter of law or abused its discretion. *Salerno v. LaBarr*, 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment should be granted only if there exists no genuine issue

of material fact and, after reviewing the record in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. *Jones v. Cheltenham Township*, 117 Pa.Cmwlth. 440, 543 A.2d 1258 (1988). We now hold that the trial court did not err in granting summary judgment because insufficient evidence existed in this case to support an inference of common law negligence.

■ Where, as here, a plaintiff seeks to overcome the defense of sovereign immunity, the plaintiff must meet two distinct requirements. *First,* the plaintiff must establish a common law or statutory cause of action against a Commonwealth party under section 8522(a) of what is commonly referred to as the Sovereign Immunity Act (Act), 42 Pa.C.S. § 8522(a). *Second,* the plaintiff must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity set forth in section 8522(b) of the Act, 42 Pa.C.S. § 8522(b). *Felli v. Department of Transportation*, 666 A.2d 775 (Pa.Cmwlth.1995).

■ As to the first requirement, we note that the elements of a cause of action in negligence are: (1) a duty, recognized by law, requiring the actor to conform to a certain standard with respect to the injured party; (2) a failure of the actor to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interests of another. *Talarico v. Bonham*, 168 Pa. Cmwlth. 467, 650 A.2d 1192 (1994). Absent a legal duty owed to the injured party, no cause of action can lie against a Commonwealth party. *Sloneker v. Martin*, 144 Pa. Cmwlth. 190, 604 A.2d 751 (1991).

■ Our supreme court has recognized that DOT owes a legal duty to those using its real estate to ensure "that the condition of the property is safe for the activities for

1. Appellants originally filed their complaint in May of 1995. DOT filed preliminary objections to this complaint, in response to which Appellants filed an amended complaint in October of 1995. This was followed by Appellant's second and final amended complaint.

2. Because Appellants believed that DOT's answers to Appellants' interrogatories were inadequate, on November 5, 1996, Appellants filed a motion to compel answers to interrogatories.

Then, on November 6, 1996, Appellants filed a motion to strike DOT's motion for summary judgment. The trial court denied the motion to strike and scheduled oral argument on the motion to compel answers to interrogatories simultaneous with DOT's motion for summary judgment. However, the trial court did not reach Appellants' motion to compel answers to interrogatories because of the disposition of DOT's summary judgment motion.

which it is regularly used, intended to be used or reasonably foreseen to be used." *Snyder v. Harmon,* 522 Pa. 424, 435, 562 A.2d 307, 312 (1989). *See also Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992). Because of this general duty, in certain instances, the common law imposes an additional duty on a government party to reduce risks posed by steep cliffs and embankments in close proximity to the highway by erecting guardrails or other barriers. *Balla v. Sladek,* 381 Pa. 85, 112 A.2d 156 (1955). However, there is a corresponding duty on all motorists to use the highways in the ordinary and usual manner and with reasonable care, *Glover v. Department of Transportation,* 167 Pa.Cmwlth. 87, 647 A.2d 630 (1994), *appeal denied,* 540 Pa. 606, 655 A.2d 994 (1995), and where an accident is the result of a motorist's failure to use the highway in such a manner, there can be no liability against DOT. *Id.*

■ Here, there is no dispute that the vehicle crossed the highway and left the road because of a loss of brakes, intoxication of the driver, or a combination of these factors. Under such circumstances, and even in circumstances which are less extreme, we have held that the resulting accident was too remote for DOT to have anticipated; thus, DOT had no duty to institute preventive measures. *See Felli; Saylor v. Green,* 165 Pa.Cmwlth. 249, 645 A.2d 318 (1994). Based on this analysis and these cases, we affirm the

trial court's grant of summary judgment in favor of DOT, holding that Appellants failed to state a common law cause of action in negligence against DOT and, thus, did not meet the *first* prerequisite under the Act.[3]

Appellants also contend that the trial court's grant of DOT's summary judgment motion was premature because discovery was not concluded.[4] In seeking further discovery, Appellants hoped to obtain additional evidence to support their argument that defective highway design was a contributing cause of the accident and resulting injuries. However, we have already determined that DOT was entitled to summary judgement because it owed no duty to protect against the type of accident that occurred here. Because this determination, based on a lack of duty, would be unaffected by any additional information regarding causation, we need not consider Appellants' additional argument.

Accordingly, for the foregoing reasons, we affirm the order of the trial court granting DOT's motion for summary judgment.

## ORDER

AND NOW, this 17th day of June, 1998, the order of the Court of Common Pleas of Somerset County, dated March 4, 1997, is hereby affirmed.

---

**3.** Appellants assert that the trial court erred in relying upon this court's decision in *Rothermel v. Department of Transportation,* 672 A.2d 837 (Pa. Cmwlth.1996), to grant DOT's motion for summary judgment. We agree that resolution of this matter does not depend on a *Rothermel* analysis; nevertheless, the trial court arrives at the correct conclusion. Significantly, in *Rothermel,* we recognized that the plaintiffs could establish a cause of action against DOT at common law and, thus, meet the *first* requirement necessary to overcome a sovereign immunity defense. Having made this determination, we then considered whether the plaintiffs could satisfy the *second* requirement for maintaining a cause of action against DOT, and we concluded that the claim was barred because the plaintiffs could not demonstrate that the cause of action fell within one of the enumerated exceptions to sovereign immunity. Unlike the plaintiffs in *Rothermel,* Appellants in this case failed even to meet the first requirement; thus, the trial court's use of *Rothermel* to decide this case was unnecessary.

**4.** A grant of summary judgment may be made "after the completion of discovery relevant to the motion...." Pa. R.C.P. No. 1035.2. Here, Appellants contend that discovery was not complete because their motion to compel answers to interrogatories, filed 35 days after DOT moved for summary judgment, was not disposed of by the trial court. However, the record reveals that the parties engaged in discovery for a period of one and one-half years, and it was not until after DOT filed a motion for summary judgment that Appellants filed a motion to compel discovery as a means of continuing discovery and thwarting the summary judgment motion. Further, in the discovery conducted prior to the filing of the motion for summary judgment, extensive interrogatories were answered by DOT, voluminous documents were produced and numerous depositions were conducted, providing Appellants with sufficient information as to their theory of defective highway design and maintenance.