Kristy Beth MARTINOWSKI, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 2006.
Decided Dec. 27, 2006.
Publication Ordered Feb. 26, 2007.

Mark A. Smith, White Oak, for appellant.

Kemal Alexander Mericli, Pittsburgh, for appellee.

BEFORE: McGINLEY, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

1. The action was transferred on August 2, 1999.

2. Section 8522 of the Judicial Code, 42 Pa. C.S. § 8522, provides:
   (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
   . . . .

OPINION BY Judge McGINLEY.

Kristy Beth Martinowski (Appellant) challenges the order of the Court of Common Pleas of Fayette County (common pleas court) which granted the Commonwealth of Pennsylvania, Department of Transportation's (DOT) motion for summary judgment.

On November 3, 1998, as Appellant was driving on State Route 711 in a northerly direction, she lost control of her vehicle and hit the guardrail. The highway and guardrail were owned, maintained and under the exclusive control of DOT. Her vehicle hit the guardrail at a joint where one section was bolted to another and the sections were dislodged. A portion of one of the guardrails sliced through her vehicle and struck Appellant. As a result, Appellant's left leg was amputated. She also severely injured her right leg and suffered other injuries.

Appellant originally commenced an action against DOT in the Court of Common Pleas of Westmoreland County.[1] Appellant alleged that she sustained serious and permanent injuries to the bones, muscles, tissues, and ligaments of her arms, legs, head, neck, back, and spine, shock and injury to her nerves and nervous system in addition to other severe injuries. Appellant alleged that DOT's negligent conduct was the direct and proximate cause of her injuries and that DOT's negligence came under the exception to sovereign immunity set forth at 42 Pa.C.S. § 8522(b)(4)[2], which

(4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

waived immunity for a dangerous condition of real property and/or a highway under DOT's jurisdiction.

Appellant further alleged in the amended complaint [3]:

13. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligent, reckless and wanton misconduct of the Defendant [DOT] in any or all of the following respects:

(a) in permitting a dangerous condition on its highways by failing to properly maintain the guide rails on SR 711 despite undertaking numerous inspections of the guardrail before November 3, 1998;

(b) in failing to properly inspect the guardrail, take notice of its dangerous condition and exercise reasonable care with regard to the dangerous condition which existed at the time of the accident;

(c) in failing to warn Plaintiff [Appellant] and other motorists of the foregoing described hazardous condition;

(d) in failing to install the proper guiderail [sic];

(e) in failing to repair/replace the guiderail [sic] along the aforementioned portion of the roadway, including inter alia, replacement of the actual guiderail [sic] and/or replacement and securing of inadequate/missing bolts;

(f) in failing to properly install and erect the guiderail [sic] described above;

(g) in failing to properly design, construct and maintain the highway upon which the Plaintiff [Appellant] was injured in respect to the installation and construction of the guiderail [sic] affecting the roadway which failed during the collision with Plaintiff's [Appellant] vehicle as set forth above;

(h) in failing to properly comply with accepted industry and/or government standards relating to the design, construction, maintenance, repair and inspection of the guiderail [sic] involved in the occurrence in which the Plaintiff [Appellant] was injured;

(i) in failing to comply with its own rules and regulations as well as federal design regulations relating to the installation, erection, construction, inspection and design of the guiderail [sic] which resulted in the injury to the Plaintiff [Appellant] as set forth above;

(j) in failing to exercise reasonable care and caution as was required under the circumstances in relation to the erection, construction, inspection, maintenance and repair of the guiderail [sic] which failed resulting in injuries to the Plaintiff [Appellant] as set forth above.

Amended Complaint, October 5, 2000, Paragraph 13 at 4–5.

DOT moved for summary judgment and asserted the amended complaint did not state a cause of action within one of the statutory exceptions to sovereign immunity. The common pleas court dismissed the motion for summary judgment on the basis that Appellant alleged that the guardrail was defective and the defective guardrail was the actual physical cause of her injury.

At her deposition Appellant admitted that she didn't remember anything related to the accident including what caused her to drive off the paved portion of the roadway. Deposition of Kristy Beth Martinowski at 36–37; Supplemental Reproduced Record (S.R.R.) at 29a–30a.

Charles L. Winek, Ph.D. (Dr. Winek), a toxicologist engaged on behalf of DOT,

---

**3.** The amended complaint added an additional defendant, Green Acres Contracting, Inc. However, the case against Green Acres Contracting, Inc. was later discontinued.

reviewed the complaint, police reports, Appellant's answers to interrogatories, Appellant's deposition transcript, and medical records. Based on this review, Dr. Winek opined:

Based on the present information in this case, my education, training and experience as a toxicologist, my own research, my knowledge of the pertinent literature, and with a reasonable degree of scientific certainty, it is my opinion that Ms. Martinowski was unfit for the safe operation of a motor vehicle; that she was deprived by alcohol of her normal sober sensory, motor and judgment functions; and that her motor vehicle accident was causally related to the deprivation by alcohol of her normal, sensory, motor and judgment functions.

Report of Charles L. Winek, Ph.D., March 16, 2006, at 1–2; S.R.R. at 44a–45a.

DOT again moved for summary judgment[4] and alleged:

3. Plaintiff [Appellant] has admitted in her deposition that she has no memory of the accident or any recollection as to what caused her to lose control and leave the highway....

4. The report of plaintiff's [Appellant] expert, John Nedley, P.E., does not set forth any reasons or evidence as to why the plaintiff's [Appellant] vehicle left the roadway at the time of the accident....

5. Defendant PennDOT's expert witness, Dr. Charles Winek, a toxicologist, has indicated in his report that Ms. Martinowski [Appellant] was unfit for the safe operation of a motor vehicle due to intoxication....

6. *A driver who has no memory of an automobile accident and who can provide no reason or evidence as to why his or her vehicle left the roadway fails as a matter of law to provide sufficient evidence to justify an inference of causation and dismissal of the case is warranted.* ... (Emphasis added).

7. Because plaintiff [Appellant] has no memory, reason or evidence as to why her vehicle left the roadway, ..., there is insufficient evidence to justify an inference of causation and summary judgment is warranted in favor of PennDOT.

8. If plaintiff [Appellant] admits that her driving caused her to leave the roadway due either to plaintiff's [Appellant] intoxication or reckless operation of her vehicle, the plaintiff [Appellant] has failed to use the highway in an ordinary, usual and foreseeable manner and with reasonable care and, therefore, there can be no liability against PennDOT....

9. A plaintiff's [Appellant] failure to use the highway in an ordinary and usual manner and with reasonable care, releases PennDOT from liability....

10. Where plaintiff's [Appellant] own reckless driving or intoxication causes plaintiff [Appellant] to leave the highway, PennDOT cannot be liable for an accident which was caused by plaintiff's [Appellant] unreasonable use of the highway and summary judgment is warranted. (Citations omitted).

Motion for Summary Judgment, August 23, 2006, Paragraphs 3–10 at 1–2; S.R.R. at 25a–26a.

---

4. The first motion for summary judgment was filed on September 12, 2005. The common pleas court denied it on October 7, 2005. The second motion for summary judgment was filed on April 5, 2006, after Appellant admitted in her deposition that she had no memory of the accident or any recollection as to what caused her to lose control of the vehicle and leave the highway and after DOT's toxicology expert, Dr. Winek, indicated in his report that Appellant was unfit to operate a motor vehicle due to intoxication. The common pleas court granted the motion on April 13, 2006.

The common pleas court explained why it granted the motion for summary judgment:[5]

The Court finds the facts of this case to be strikingly similar to the very recent case of *Fritz v. Glen Mills School* and *Concord Pizza v. Commonwealth, DOT*, [894 A.2d 172 (Pa.Cmwlth.2006)] supra, and the cases cited therein: *Baer v. Department of Transportation*, 713 A.2d 189 (Pa.Cmwlth.1998); *Saylor v. Green*, 165 Pa.Cmwlth. 249, 645 A.2d 318 (1994); *Felli v. Commonwealth, DOT*, 666 A.2d 775 (Pa.Cmwlth.1995). In Saylor, a motorcyclist was injured when he left the roadway and struck a fence post located in DOT's right-of-way. The sole issue raised was whether summary judgment was properly granted as a matter of law because Saylor 'failed to produce sufficient evidence to justify an inference of negligence and causation ... where he could not identify the reason his vehicle left the roadway and struck a pole.' ... Likewise, in Fritz, there was no causation found where the appellant provided no reason or evidence as to why his vehicle left the road and struck a tree. Based thereon, there was insufficient evidence to justify an inference of causation. ... In each of these cases, the seriousness of the resultant injuries was not addressed nor was the dangerousness of the condition which caused the harm due to the plaintiff's [Appellant] foundational failure to establish the requisite element of causation of the accident.

In light of these controlling precedents, the Court, after viewing the record in the light most favorable to Plaintiff [Appellant] and giving her the benefit of all doubts, is unable to draw an inference of causation so as to impose liability on Defendant [DOT], given Plaintiff's [Appellant] inexplicable loss of control over her vehicle, and therefore, no matter how tragic the resulting injuries, must, as a matter of law, conclude that DOT breached no duty owed to Plaintiff [Appellant]. ... (Citations omitted).

Common Pleas Court Opinion, May 9, 2006, at 2–3; Reproduced Record (R.R.) at 7a–8a.

■ In *Fritz v. Glen Mills School*, 894 A.2d 172 (Pa.Cmwlth.2006), *petition for allowance of appeal denied*, 589 Pa. 741, 909 A.2d 1291 (2006), Vance A. Fritz, Jr. (Fritz) had been delivering pizzas for Concord Pizza when his vehicle left the road and struck a tree on property owned by Glen Mills School (School). The vehicle then rolled into a ditch/drop off on property owned by the School. Fritz suffered brain injuries in the accident and had no memory of what transpired. Fritz instituted a complaint in the Court of Common Pleas of Philadelphia County against the School and Concord Pizza. Fritz also filed a complaint against DOT in the Court of Common Pleas of Delaware County. The two matters were consolidated before the Court of Common Pleas of Delaware County. In the complaint against DOT, Fritz alleged that DOT was negligent because it failed to remove the tree. Fritz retained an accident reconstruction expert who drafted a report that Fritz performed a severe left steer and that his speed was less than the speed limit. The expert also determined that the tree should have been

**5.** This Court's review of a grant or denial of a motion for summary judgment is limited to determining whether the common pleas court committed an error of law or an abuse of discretion. *Salerno v. LaBarr*, 159 Pa. Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party clearly establishes that he is entitled to judgment as a matter of law. *Id.*

removed from the side of the road and there should have been at least a twelve foot clear zone between the edge of the pavement and the tree. The expert also concluded that the ditch contributed to the severity of the accident. *Fritz*, 894 A.2d at 173–174. All of the defendants sought summary judgment, and the Court of Common Pleas of Delaware County granted the motions. *Fritz*, 894 A.2d at 174. With respect to DOT, the Court of Common Pleas of Delaware County determined that DOT was immune from suit under Section 8521 of the Judicial Code, 42 Pa. C.S. § 8521, based on sovereign immunity and that Fritz failed to prove that his cause of action fell into one of the enumerated exceptions to sovereign immunity because he failed to show that there was any defect in the road which caused the accident. *Fritz*, 894 A.2d at 175. Fritz appealed to this Court.

With respect to DOT, this Court determined that Fritz failed to establish any reason or evidence why his vehicle left the road and struck the tree. This Court then determined that there was insufficient evidence to justify an inference of causation and the Court of Common Pleas of Philadelphia County was correct in granting summary judgment in favor of DOT.

▆▆▆ Here, the common pleas court applied *Fritz* and determined that there was insufficient evidence to justify an inference of causation, a necessary element in a cause of action in negligence. Appellant acknowledges that she had to prove the elements of her negligence claim because her claim was based on common law. As this Court outlined in *Fritz*, in order to maintain an action against DOT for allegedly defective Commonwealth property, the moving party must 1) establish a statutory or common law cause of action against DOT; and 2) prove that the cause of action falls under one of the exceptions to sover-

eign immunity. The elements of a cause of action in negligence are 1) a duty recognized by law which requires the actor to conform to that standard; 2) failure of the actor to conform to that standard; 3) a causal connection between the conduct and the resulting injury; and, 4) actual loss or damage to the interests of another. *Fritz*, 894 A.2d at 175.

Appellant contends that she met the elements for a common law cause of action in negligence because she alleged that DOT owned the land upon which the guardrail was located and that DOT had a duty to maintain the guardrail. Appellant asserts that DOT breached its duty to construct and maintain a safe guardrail because DOT did not provide any evidence that the guardrail performed the way it was intended when Appellant struck the guardrail.

Appellant also argues that her claim was founded on an exception to sovereign immunity because the allegations set forth in her complaint indicated that defects in the Commonwealth property caused her injuries. The crux of Appellant's argument is that DOT undertook a duty to construct and maintain the guardrail and that DOT breached that duty to Appellant and all motorists traveling on State Route 711.

In addition to *Fritz*, the common pleas court noted the present controversy was factually similar to *Baer v. Commonwealth of Pennsylvania, Department of Transportation*, 713 A.2d 189 (Pa.Cmwlth.1998), *Saylor v. Green*, 165 Pa.Cmwlth. 249, 645 A.2d 318 (1994), and *Felli v. Commonwealth of Pennsylvania, Department of Transportation*, 666 A.2d 775 (Pa.Cmwlth. 1998).

In *Baer*, Suzette Jackson (Jackson), Marissa Jackson, and Jennet Hersh had been passengers in a vehicle driven by Albert Hersh (Hersh). Hersh was heading west on State Route 1008 in Somerset

County when the brakes of his vehicle failed and the car lost power while going down a hill. Hersh could not handle a right hand curve at the bottom of the hill. The vehicle crossed over the eastbound lane and broke through a wooden guardrail on the south side of the road. The car then struck a tree. Marissa Jackson and Jennet Hersh were killed. Suzette Jackson was seriously injured. Suzette Jackson commenced an action in the Court of Common Pleas of Somerset County, individually, and as the adminstratrix of the Estate of Marissa Jackson and as Trustee Ad Litem for the heirs of Jennet Hersh. She alleged that DOT negligently designed, constructed, and maintained a defective roadway and guard rail system which constituted a dangerous condition of Commonwealth real estate and directly and proximately caused and/or were substantial contributing causes to the damages and injuries. DOT was granted summary judgment. *Baer,* 713 A.2d at 190–191.

Jackson appealed to this Court which affirmed:

> Our supreme court has recognized that DOT owes a legal duty to those using its real estate to ensure 'that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used.' ... Because of this general duty, in certain instances, the common law imposes an additional duty on a government party to reduce risks posed by steep cliffs and embankments in close proximity to the highway by erecting guiderails or other barriers.... However, there is a corresponding duty on all motorists to use the highways in the ordinary and usual manner and with reasonable care, ..., and where an accident is the result of a motorist's failure to use the highway in such a manner,

there can be no liability against DOT....

> Here, there is no dispute that the vehicle crossed the highway and left the road because of a loss of brakes, intoxication of the driver, or a combination of these factors. Under such circumstances, and even in circumstances which are less extreme, we have held that the resulting accident was too remote for DOT to have anticipated; thus, DOT had no duty to institute preventive measures.... Based on this analysis and these cases, we affirm the trial court's grant of summary judgment in favor of DOT.... (Citations omitted).

*Baer,* 713 A.2d at 191–192.

In *Saylor v. Green,* 165 Pa.Cmwlth. 249, 645 A.2d 318 (1994), David Saylor (Saylor) had been driving a motorcycle in the southbound lane of Route 507. His motorcycle left the roadway for no apparent reason and struck a fence post that was approximately three feet from the side of the road. Saylor suffered scrapes and abrasions and a laceration of his right knee. Saylor sued both the owner of the land where the fence post was located and DOT. The Court of Common Pleas of Monroe County granted summary judgment in favor of DOT and the landowner. Saylor appealed. *Saylor,* 645 A.2d at 319.

This Court affirmed:

> In his complaint, Saylor alleges that he was operating his motorcycle when he 'suddenly and without warning struck an illegally placed fence post....' At his deposition, Saylor testified that he did not know why he lost control of the motorcycle. Consequently, the trial court found that there was insufficient evidence to justify an inference of causation. Such a finding is consistent with *Babcock* [v. *Commonwealth of Pennsylvania, Department of Transportation,* 156 Pa.Cmwlth. 69, 626 A.2d 672 (1993)],

where a plaintiff lost control of her car for unknown reasons and the car skidded along a ditch and up an embankment where it collided with a log. This Court affirmed summary judgment against plaintiff and reasoned that the accident was caused by the car leaving the roadway, not by a log lying on the ground. It follows that in the instant case, if Saylor had not left the road, his motorcycle would not have hit the pole.

*Saylor*, 645 A.2d at 320.

In *Felli*, Kenneth E. Felli (Felli) had been driving his car west on State Highway 895. He crossed into the opposite lane in a gradual, diagonal manner and left the road on the south side. He went down a fifteen foot embankment into a creek and was injured. Felli could not recall why he crossed into the opposite lane or why he left the highway. Felli and his wife sued DOT and alleged that DOT was negligent because it failed to erect a guardrail or other containment device. DOT preliminarily objected on the basis of sovereign immunity. Felli and his wife amended their complaint and alleged that the embankment was within DOT's right-of-way and was created by DOT during the construction or improvement of the highway. DOT moved for judgment on the pleadings. The Court of Common Pleas of Schuylkill County granted the motion on the basis that Felli and his wife did not plead allegations which fell within the real estate exception to sovereign immunity because the accident was not caused by the embankment, but rather by Felli's driving. Felli and his wife appealed to this Court and contended that the embankment was a dangerous condition of Commonwealth realty and that DOT should have erected or maintained guardrails. Felli and his wife further contended that the failure to have

a guardrail caused Felli's injuries. *Felli*, 666 A.2d at 776.

This Court affirmed:

The accident occurred in this case because Mr. Felli's vehicle crossed into the left lane and exited the road at a place opposite where the car would normally have been traveling. This was not the usual or intended use of the highway, nor was it reasonably foreseeable that a motorist from the opposite lane of traffic would inexplicably cross and then leave the road. While the outcome may be different if a motorist was traveling on the same side of the road and was forced off the roadway and over an embankment, an accident caused by a vehicle leaving the road from the opposite side is too remote for PennDOT to have anticipated it and to have a duty to mitigate.... However tragic the resulting injuries, a vehicle crossing the center line and leaving the travelled portion of the highway is not the ordinary and usual manner for using the highway and there is no basis for liability against PennDOT. (Footnote omitted).

*Felli*, 666 A.2d at 778–779.

The cases relied on by the common pleas court are somewhat similar to one another. In three of the four cases, with the exception of *Baer*, the driver had no recollection of how he lost control of the car and left the roadway. In *Baer*, the car went off the road due to the intoxication of the driver, the failure of the brakes or a combination of both. In three of the cases the vehicle crossed over the road and struck something on the opposite side of the road, which this Court deemed too remote for DOT to foresee.

■ The present case is similar to *Fritz*, *Saylor*, and *Felli*, in that Appellant has no memory of the accident. Although not a crossover accident, as the common pleas court stated, Appellant could not provide

any evidence of any type to explain why her vehicle left the road and struck the guardrail. As Appellant is proceeding under a common law negligence claim, she must establish that DOT had a duty to conform to a certain standard with respect to Appellant, that DOT breached that duty, a causal connection between the conduct and the resulting injury, and actual damages. As in *Fritz* and *Saylor*, the common pleas court correctly determined that a factfinder would be unable to draw an inference of causation so as to impose liability on DOT. This Court agrees that Appellant's inability to establish how or why she left the road prevented her from making out a cause of action for negligence because she was unable to establish causation.[6]

Accordingly, this Court affirms.[7]

### *ORDER*

AND NOW, this 27th day of December, 2006, the order of the Court of Common Pleas of Fayette County in the above captioned matter is affirmed.

---

**6.** Appellant alleged that the injuries she suffered were caused by DOT's failure to maintain a safe guardrail and that there was no accident until DOT's property came apart and failed to keep her on the roadway. Appellant further argues that she did not have to explain and describe why she contacted the guardrail in order to survive a motion for summary judgment because she was not using the Commonwealth property in an unforeseeable manner when she came in contact with a safety device the Commonwealth recognized was needed at that location, unlike in *Fritz*. This Court does not agree. Appellant was unable to establish why she left the road and struck the guardrail. It is foreseeable that a driver would operate a vehicle on a highway in an ordinary and usual manner and to use due care in the operation of the vehicle. If a driver operates a vehicle on a highway in a manner that is too remote to be reasonably foreseeable, DOT has no duty to mitigate the consequences of the resulting accident. *Felli*. Appellant was unable to assert that she exercised the requisite care so that her accident was foreseeable to DOT.

Appellant cites *Burkholz v. Commonwealth of Pennsylvania, Department of Transportation*, 667 A.2d 513 (Pa.Cmwlth.1995), for the proposition that whether a defective guardrail caused injury was a factual question for the jury. In *Burkholz*, Harvey Burkholz (Decedent Burkholz) was killed when his van left State Route 15 northbound in Adams County, traveled over the southbound lane, across the berm, and struck the trailing blunt end of a guardrail. The guardrail impaled the van and Decedent Burkholz. Decedent Burkholz's wife, Evelyn Burkholz (Burkholz), the administratrix of Decedent Burkholz, filed suit against DOT and alleged that the exposed trailing end of the guardrail was a dangerous condition of the highway and that Decedent Burkholz's death was proximately caused by DOT's negligent design and maintenance of the guardrail. DOT alleged contributory negligence. The jury found that DOT was negligent but that Decedent Burkholz was contributorily negligent. The jury attributed 15% of the negligence to DOT and 85% to Decedent Burkholz. Burkholz moved for post-trial relief which was denied. *Burkholz*, 667 A.2d at 515. On appeal to this Court, Burkholz contended that the Court of Common Pleas of Dauphin County erred when it charged the jury on contributory negligence, used the term "harm" instead of "injury," and when it permitted a state trooper to render an opinion that the result of his investigation was consistent with his previous investigations of other accidents where the driver had fallen asleep. This Court affirmed. *Burkholz*, 667 A.2d at 515–518.

Although *Burkholz* addresses a somewhat similar factual situation, the legal issues presented were not similar to the issue here. DOT did not move for summary judgment in *Burkholz*. Further, this Court based its decision, in part, on *Saylor*. Appellant's reliance on *Burkholz* is misplaced.

**7.** Because Appellant failed to establish a statutory or common law cause of action against DOT, this Court need not address whether Appellant set forth an exception to sovereign immunity.